IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| COLORADO OUTFITTERS ASSOCIATION, *et al.,* | ) ) ) | |
| Appellants, | ) ) | Nos. 14-1290 |
| v. | ) ) | |
| JOHN W. HICKENLOOPER, | ) ) | |
| Appellee. | ) ) | |

On Appeal from the United States District Court for the District of Colorado
The Honorable Chief Judge Marcia S. Krieger
Case No. 13-CV-1300-MSK

**EXHIBIT 2**



HOUSE BILL 13-1224

BY REPRESENTATIVE(S) Fields, Court, Fischer, Hullinghorst, Labuda, Levy, Melton, Pabon, Rosenthal, Schafer, Williams, Young, Buckner, Ferrandino;
also SENATOR(S) Hodge, Aguilar, Guzman, Heath, Nicholson, Ulibarri, Morse.

CONCERNING PROHIBITING LARGE-CAPACITY AMMUNITION MAGAZINES.

*Be it enacted by the General Assembly of the State of Colorado:*

**SECTION 1. In** Colorado Revised Statutes, **add** part 3 to article 12 of title 18 as follows:

PART 3
LARGE-CAPACITY AMMUNITION MAGAZINES

**18-12-301. Definitions.** AS USED IN THIS PART 3, UNLESS THE CONTEXT OTHERWISE REQUIRES:

(1) "BUREAU" MEANS THE COLORADO BUREAU OF INVESTIGATION CREATED AND EXISTING PURSUANT TO SECTION 24-33.5-401, C.R.S.

(2) (a) "LARGE-CAPACITY MAGAZINE MEANS:

---

*Capital letters indicate new material added to existing statutes; dashes through words indicate deletions from existing statutes and such material not part of act.*

(I)  A FIXED OR DETACHABLE MAGAZINE, BOX, DRUM, FEED STRIP, OR SIMILAR DEVICE CAPABLE OF ACCEPTING, OR THAT IS DESIGNED TO BE READILY CONVERTED TO ACCEPT, MORE THAN FIFTEEN ROUNDS OF AMMUNITION;

(II)  A FIXED, TUBULAR SHOTGUN MAGAZINE THAT HOLDS MORE THAN TWENTY-EIGHT INCHES OF SHOTGUN SHELLS, INCLUDING ANY EXTENSION DEVICE THAT IS ATTACHED TO THE MAGAZINE AND HOLDS ADDITIONAL SHOTGUN SHELLS; OR

(III)  A NONTUBULAR, DETACHABLE MAGAZINE, BOX, DRUM, FEED STRIP, OR SIMILAR DEVICE THAT IS CAPABLE OF ACCEPTING MORE THAN EIGHT SHOTGUN SHELLS WHEN COMBINED WITH A FIXED MAGAZINE.

(b)  "LARGE-CAPACITY MAGAZINE" DOES NOT MEAN:

(I)  A FEEDING DEVICE THAT HAS BEEN PERMANENTLY ALTERED SO THAT IT CANNOT ACCOMMODATE MORE THAN FIFTEEN ROUNDS OF AMMUNITION;

(II)  AN ATTACHED TUBULAR DEVICE DESIGNED TO ACCEPT, AND CAPABLE OF OPERATING ONLY WITH, .22 CALIBER RIMFIRE AMMUNITION; OR

(III)  A TUBULAR MAGAZINE THAT IS CONTAINED IN A LEVER-ACTION FIREARM.

**18-12-302.  Large-capacity magazines prohibited - penalties - exceptions.** (1) (a)  EXCEPT AS OTHERWISE PROVIDED IN THIS SECTION, ON AND AFTER JULY 1, 2013, A PERSON WHO SELLS, TRANSFERS, OR POSSESSES A LARGE-CAPACITY MAGAZINE COMMITS A CLASS 2 MISDEMEANOR.

(b)  ANY PERSON WHO VIOLATES SUBSECTION (1) OF THIS SECTION AFTER HAVING BEEN CONVICTED OF A PRIOR VIOLATION OF SAID SUBSECTION (1) COMMITS A CLASS 1 MISDEMEANOR.

(c)  ANY PERSON WHO VIOLATES SUBSECTION (1) OF THIS SECTION COMMITS A CLASS 6 FELONY IF THE PERSON POSSESSED A LARGE-CAPACITY MAGAZINE DURING THE COMMISSION OF A FELONY OR ANY CRIME OF VIOLENCE, AS DEFINED IN SECTION 18-1.3-406.

PAGE 2-HOUSE BILL 13-1224

(2) (a)  A PERSON MAY POSSESS A LARGE-CAPACITY MAGAZINE IF HE OR SHE:

(I)  OWNS THE LARGE-CAPACITY MAGAZINE ON THE EFFECTIVE DATE OF THIS SECTION; AND

(II)  MAINTAINS CONTINUOUS POSSESSION OF THE LARGE-CAPACITY MAGAZINE.

(b)  IF A PERSON WHO IS ALLEGED TO HAVE VIOLATED SUBSECTION (1) OF THIS SECTION ASSERTS THAT HE OR SHE IS PERMITTED TO LEGALLY POSSESS A LARGE-CAPACITY MAGAZINE PURSUANT TO PARAGRAPH (a) OF THIS SUBSECTION (2), THE PROSECUTION HAS THE BURDEN OF PROOF TO REFUTE THE ASSERTION.

(3)  THE OFFENSE DESCRIBED IN SUBSECTION (1) OF THIS SECTION SHALL NOT APPLY TO:

(a)  AN ENTITY, OR ANY EMPLOYEE THEREOF ENGAGED IN HIS OR HER EMPLOYMENT DUTIES, THAT MANUFACTURES LARGE-CAPACITY MAGAZINES WITHIN COLORADO EXCLUSIVELY FOR TRANSFER TO, OR ANY LICENSED GUN DEALER, AS DEFINED IN SECTION 12-26.1-106 (6), C.R.S., OR ANY EMPLOYEE THEREOF ENGAGED IN HIS OR HER OFFICIAL EMPLOYMENT DUTIES, THAT SELLS LARGE-CAPACITY MAGAZINES EXCLUSIVELY TO:

(I)  A BRANCH OF THE ARMED FORCES OF THE UNITED STATES;

(II)  A DEPARTMENT, AGENCY, OR POLITICAL SUBDIVISION OF THE STATE OF COLORADO, OR OF ANY OTHER STATE, OR OF THE UNITED STATES GOVERNMENT;

(III)  A FIREARMS RETAILER FOR THE PURPOSE OF FIREARMS SALES CONDUCTED OUTSIDE THE STATE;

(IV)  A FOREIGN NATIONAL GOVERNMENT THAT HAS BEEN APPROVED FOR SUCH TRANSFERS BY THE UNITED STATES GOVERNMENT; OR

(V)  AN OUT-OF-STATE TRANSFEREE WHO MAY LEGALLY POSSESS A LARGE-CAPACITY MAGAZINE; OR

PAGE 3-HOUSE BILL 13-1224

(b) AN EMPLOYEE OF ANY OF THE FOLLOWING AGENCIES WHO BEARS A FIREARM IN THE COURSE OF HIS OR HER OFFICIAL DUTIES:

(I) A BRANCH OF THE ARMED FORCES OF THE UNITED STATES; OR

(II) A DEPARTMENT, AGENCY, OR POLITICAL SUBDIVISION OF THE STATE OF COLORADO, OR OF ANY OTHER STATE, OR OF THE UNITED STATES GOVERNMENT; OR

(c) A PERSON WHO POSSESSES THE MAGAZINE FOR THE SOLE PURPOSE OF TRANSPORTING THE MAGAZINE TO AN OUT-OF-STATE ENTITY ON BEHALF OF A MANUFACTURER OF LARGE-CAPACITY MAGAZINES WITHIN COLORADO.

**18-12-303. Identification markings for large-capacity magazines - rules.** (1) A LARGE-CAPACITY MAGAZINE THAT IS MANUFACTURED IN COLORADO ON OR AFTER THE EFFECTIVE DATE OF THIS SECTION MUST INCLUDE A PERMANENT STAMP OR MARKING INDICATING THAT THE LARGE-CAPACITY MAGAZINE WAS MANUFACTURED OR ASSEMBLED AFTER THE EFFECTIVE DATE OF THIS SECTION. THE STAMP OR MARKING MUST BE LEGIBLY AND CONSPICUOUSLY ENGRAVED OR CAST UPON THE OUTER SURFACE OF THE LARGE-CAPACITY MAGAZINE.

(2) THE BUREAU MAY PROMULGATE SUCH RULES AS MAY BE NECESSARY FOR THE IMPLEMENTATION OF THIS SECTION, INCLUDING BUT NOT LIMITED TO RULES REQUIRING A LARGE-CAPACITY MAGAZINE THAT IS MANUFACTURED ON OR AFTER THE EFFECTIVE DATE OF THIS SECTION TO BEAR IDENTIFYING INFORMATION IN ADDITION TO THE IDENTIFYING INFORMATION DESCRIBED IN SUBSECTION (1) OF THIS SECTION.

(3) A PERSON WHO MANUFACTURES A LARGE-CAPACITY MAGAZINE IN COLORADO IN VIOLATION OF SUBSECTION (1) OF THIS SECTION COMMITS A CLASS 2 MISDEMEANOR AND SHALL BE PUNISHED IN ACCORDANCE WITH SECTION 18-1.3-501.

**SECTION 2. Effective date.** This act takes effect July 1, 2013.

**SECTION 3. Safety clause.** The general assembly hereby finds,

determines, and declares that this act is necessary for the immediate preservation of the public peace, health, and safety.

_____          _____
Mark Ferrandino                                                       John P. Morse
SPEAKER OF THE HOUSE                                 PRESIDENT OF
OF REPRESENTATIVES                                         THE SENATE

_____          _____
Marilyn Eddins                                                     Cindi L. Markwell
CHIEF CLERK OF THE HOUSE                         SECRETARY OF
OF REPRESENTATIVES                                         THE SENATE

          APPROVED_____

          _____
          John W. Hickenlooper
          GOVERNOR OF THE STATE OF COLORADO

PAGE 5-HOUSE BILL 13-1224