IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| COLORADO OUTFITTERS ASSOCIATION, *et al.,* | ) ) ) | |
| Appellants, | ) ) | Nos. 14-1290 |
| v. | ) ) | |
| JOHN W. HICKENLOOPER, | ) ) | |
| Appellee. | ) ) | |

On Appeal from the United States District Court for the District of Colorado
The Honorable Chief Judge Marcia S. Krieger
Case No. 13-CV-1300-MSK

**EXHIBIT 3**

**NOTE: This bill has been prepared for the signatures of the appropriate legislative officers and the Governor. To determine whether the Governor has signed the bill or taken other action on it, please consult the legislative status sheet, the legislative history, or the Session Laws.**



HOUSE BILL 13-1229

BY REPRESENTATIVE(S) Fields and McCann, Buckner, Court, Duran, Exum, Fischer, Foote, Ginal, Hamner, Hullinghorst, Kagan, Labuda, Lee, Levy, McLachlan, Melton, Mitsch Bush, Moreno, Pabon, Pettersen, Rosenthal, Schafer, Williams, Young, Ferrandino, Salazar, Tyler; also SENATOR(S) Carroll, Aguilar, Giron, Guzman, Heath, Hodge, Hudak, Johnston, Jones, Kerr, Newell, Nicholson, Steadman, Todd, Ulibarri, Morse.

CONCERNING CRIMINAL BACKGROUND CHECKS PERFORMED PURSUANT TO THE TRANSFER OF A FIREARM, AND, IN CONNECTION THEREWITH, MAKING AN APPROPRIATION.

*Be it enacted by the General Assembly of the State of Colorado:*

**SECTION 1.** In Colorado Revised Statutes, **add** 18-12-112 as follows:

**18-12-112. Private firearms transfers - background check required - penalty - definitions.** (1) (a) ON AND AFTER JULY 1, 2013, EXCEPT AS DESCRIBED IN SUBSECTION (6) OF THIS SECTION, BEFORE ANY PERSON WHO IS NOT A LICENSED GUN DEALER, AS DEFINED IN SECTION 12-26.1-106 (6), C.R.S., TRANSFERS OR ATTEMPTS TO TRANSFER POSSESSION OF A FIREARM TO A TRANSFEREE, HE OR SHE SHALL:

_____

*Capital letters indicate new material added to existing statutes; dashes through words indicate deletions from existing statutes and such material not part of act.*

(I) REQUIRE THAT A BACKGROUND CHECK, IN ACCORDANCE WITH SECTION 24-33.5-424, C.R.S., BE CONDUCTED OF THE PROSPECTIVE TRANSFEREE; AND

(II) OBTAIN APPROVAL OF A TRANSFER FROM THE BUREAU AFTER A BACKGROUND CHECK HAS BEEN REQUESTED BY A LICENSED GUN DEALER, IN ACCORDANCE WITH SECTION 24-33.5-424, C.R.S.

(b) AS USED IN THIS SECTION, UNLESS THE CONTEXT REQUIRES OTHERWISE, "TRANSFEREE" MEANS A PERSON WHO DESIRES TO RECEIVE OR ACQUIRE A FIREARM FROM A TRANSFEROR. IF A TRANSFEREE IS NOT A NATURAL PERSON, THEN EACH NATURAL PERSON WHO IS AUTHORIZED BY THE TRANSFEREE TO POSSESS THE FIREARM AFTER THE TRANSFER SHALL UNDERGO A BACKGROUND CHECK, AS DESCRIBED IN PARAGRAPH (a) OF THIS SUBSECTION (1), BEFORE TAKING POSSESSION OF THE FIREARM.

(2) (a) A PROSPECTIVE FIREARM TRANSFEROR WHO IS NOT A LICENSED GUN DEALER SHALL ARRANGE FOR A LICENSED GUN DEALER TO OBTAIN THE BACKGROUND CHECK REQUIRED BY THIS SECTION.

(b) A LICENSED GUN DEALER WHO OBTAINS A BACKGROUND CHECK ON A PROSPECTIVE TRANSFEREE SHALL RECORD THE TRANSFER, AS PROVIDED IN SECTION 12-26-102, C.R.S., AND RETAIN THE RECORDS, AS PROVIDED IN SECTION 12-26-103, C.R.S., IN THE SAME MANNER AS WHEN CONDUCTING A SALE, RENTAL, OR EXCHANGE AT RETAIL. THE LICENSED GUN DEALER SHALL COMPLY WITH ALL STATE AND FEDERAL LAWS, INCLUDING 18 U.S.C. SEC. 922, AS IF HE OR SHE WERE TRANSFERRING THE FIREARM FROM HIS OR HER INVENTORY TO THE PROSPECTIVE TRANSFEREE.

(c) A LICENSED GUN DEALER WHO OBTAINS A BACKGROUND CHECK FOR A PROSPECTIVE FIREARM TRANSFEROR PURSUANT TO THIS SECTION SHALL PROVIDE THE FIREARM TRANSFEROR AND TRANSFEREE A COPY OF THE RESULTS OF THE BACKGROUND CHECK, INCLUDING THE BUREAU'S APPROVAL OR DISAPPROVAL OF THE TRANSFER.

(d) A LICENSED GUN DEALER MAY CHARGE A FEE FOR SERVICES RENDERED PURSUANT TO THIS SECTION, WHICH FEE SHALL NOT EXCEED TEN DOLLARS.

PAGE 2-HOUSE BILL 13-1229

(3) (a)  A PROSPECTIVE FIREARM TRANSFEREE UNDER THIS SECTION SHALL NOT ACCEPT POSSESSION OF THE FIREARM UNLESS THE PROSPECTIVE FIREARM TRANSFEROR HAS OBTAINED APPROVAL OF THE TRANSFER FROM THE BUREAU AFTER A BACKGROUND CHECK HAS BEEN REQUESTED BY A LICENSED GUN DEALER, AS DESCRIBED IN PARAGRAPH (b) OF SUBSECTION (1) OF THIS SECTION.

(b)  A PROSPECTIVE FIREARM TRANSFEREE SHALL NOT KNOWINGLY PROVIDE FALSE INFORMATION TO A PROSPECTIVE FIREARM TRANSFEROR OR TO A LICENSED GUN DEALER FOR THE PURPOSE OF ACQUIRING A FIREARM.

(4)  IF THE BUREAU APPROVES A TRANSFER OF A FIREARM PURSUANT TO THIS SECTION, THE APPROVAL SHALL BE VALID FOR THIRTY CALENDAR DAYS, DURING WHICH TIME THE TRANSFEROR AND TRANSFEREE MAY COMPLETE THE TRANSFER.

(5)  A PERSON WHO TRANSFERS A FIREARM IN VIOLATION OF THE PROVISIONS OF THIS SECTION MAY BE JOINTLY AND SEVERALLY LIABLE FOR ANY CIVIL DAMAGES PROXIMATELY CAUSED BY THE TRANSFEREE'S SUBSEQUENT USE OF THE FIREARM.

(6)  THE PROVISIONS OF THIS SECTION DO NOT APPLY TO:

(a)  A TRANSFER OF AN ANTIQUE FIREARM, AS DEFINED IN 18 U.S.C. SEC. 921(a)(16), AS AMENDED, OR A CURIO OR RELIC, AS DEFINED IN 27 CFR 478.11, AS AMENDED;

(b)  A TRANSFER THAT IS A BONA FIDE GIFT OR LOAN BETWEEN IMMEDIATE FAMILY MEMBERS, WHICH ARE LIMITED TO SPOUSES, PARENTS, CHILDREN, SIBLINGS, GRANDPARENTS, GRANDCHILDREN, NIECES, NEPHEWS, FIRST COUSINS, AUNTS, AND UNCLES;

(c)  A TRANSFER THAT OCCURS BY OPERATION OF LAW OR BECAUSE OF THE DEATH OF A PERSON FOR WHOM THE PROSPECTIVE TRANSFEROR IS AN EXECUTOR OR ADMINISTRATOR OF AN ESTATE OR A TRUSTEE OF A TRUST CREATED IN A WILL;

(d)  A TRANSFER THAT IS TEMPORARY AND OCCURS WHILE IN THE HOME OF THE UNLICENSED TRANSFEREE IF:

PAGE 3-HOUSE BILL 13-1229

(I)    THE UNLICENSED TRANSFEREE IS NOT PROHIBITED FROM POSSESSING FIREARMS; AND

(II)    THE UNLICENSED TRANSFEREE REASONABLY BELIEVES THAT POSSESSION OF THE FIREARM IS NECESSARY TO PREVENT IMMINENT DEATH OR SERIOUS BODILY INJURY TO THE UNLICENSED TRANSFEREE;

(e)    A TEMPORARY TRANSFER OF POSSESSION WITHOUT TRANSFER OF OWNERSHIP OR A TITLE TO OWNERSHIP, WHICH TRANSFER TAKES PLACE:

(I)    AT A SHOOTING RANGE LOCATED IN OR ON PREMISES OWNED OR OCCUPIED BY A DULY INCORPORATED ORGANIZATION ORGANIZED FOR CONSERVATION PURPOSES OR TO FOSTER PROFICIENCY IN FIREARMS;

(II)    AT A TARGET FIREARM SHOOTING COMPETITION UNDER THE AUSPICES OF, OR APPROVED BY, A STATE AGENCY OR A NONPROFIT ORGANIZATION; OR

(III)    WHILE HUNTING, FISHING, TARGET SHOOTING, OR TRAPPING IF:

(A)    THE HUNTING, FISHING, TARGET SHOOTING, OR TRAPPING IS LEGAL IN ALL PLACES WHERE THE UNLICENSED TRANSFEREE POSSESSES THE FIREARM; AND

(B)    THE UNLICENSED TRANSFEREE HOLDS ANY LICENSE OR PERMIT THAT IS REQUIRED FOR SUCH HUNTING, FISHING, TARGET SHOOTING, OR TRAPPING;

(f)    A TRANSFER OF A FIREARM THAT IS MADE TO FACILITATE THE REPAIR OR MAINTENANCE OF THE FIREARM; EXCEPT THAT THIS PARAGRAPH (f) DOES NOT APPLY UNLESS ALL PARTIES WHO POSSESS THE FIREARM AS A RESULT OF THE TRANSFER MAY LEGALLY POSSESS A FIREARM;

(g)    ANY TEMPORARY TRANSFER THAT OCCURS WHILE IN THE CONTINUOUS PRESENCE OF THE OWNER OF THE FIREARM;

(h)    A TEMPORARY TRANSFER FOR NOT MORE THAN SEVENTY-TWO HOURS. A PERSON WHO TRANSFERS A FIREARM PURSUANT TO THIS PARAGRAPH (h) MAY BE JOINTLY AND SEVERALLY LIABLE FOR DAMAGES PROXIMATELY CAUSED BY THE TRANSFEREE'S SUBSEQUENT UNLAWFUL USE

PAGE 4-HOUSE BILL 13-1229

OF THE FIREARM; OR

(i)  A TRANSFER OF A FIREARM FROM A PERSON SERVING IN THE ARMED FORCES OF THE UNITED STATES WHO WILL BE DEPLOYED OUTSIDE OF THE UNITED STATES WITHIN THE NEXT THIRTY DAYS TO ANY IMMEDIATE FAMILY MEMBER, WHICH IS LIMITED TO A SPOUSE, PARENT, CHILD, SIBLING, GRANDPARENT, GRANDCHILD, NIECE, NEPHEW, FIRST COUSIN, AUNT, AND UNCLE OF THE PERSON.

(7)  FOR PURPOSES OF PARAGRAPH (f) OF SUBSECTION (6) OF THIS SECTION:

(a)  AN OWNER, MANAGER, OR EMPLOYEE OF A BUSINESS THAT REPAIRS OR MAINTAINS FIREARMS MAY RELY UPON A TRANSFEROR'S STATEMENT THAT HE OR SHE MAY LEGALLY POSSESS A FIREARM UNLESS THE OWNER, MANAGER, OR EMPLOYEE HAS ACTUAL KNOWLEDGE TO THE CONTRARY AND MAY RETURN POSSESSION OF THE FIREARM TO THE TRANSFEROR UPON COMPLETION OF THE REPAIRS OR MAINTENANCE WITHOUT A BACKGROUND CHECK;

(b)  UNLESS A TRANSFEROR OF A FIREARM HAS ACTUAL KNOWLEDGE TO THE CONTRARY, THE TRANSFEROR MAY RELY UPON THE STATEMENT OF AN OWNER, MANAGER, OR EMPLOYEE OF A BUSINESS THAT REPAIRS OR MAINTAINS FIREARMS THAT NO OWNER, MANAGER, OR EMPLOYEE OF THE BUSINESS IS PROHIBITED FROM POSSESSING A FIREARM.

(8)  NOTHING IN SUBSECTION (6) OF THIS SECTION SHALL BE INTERPRETED TO LIMIT OR OTHERWISE ALTER THE APPLICABILITY OF SECTION 18-12-111 CONCERNING THE UNLAWFUL PURCHASE OR TRANSFER OF FIREARMS.

(9) (a)  A PERSON WHO VIOLATES A PROVISION OF THIS SECTION COMMITS A CLASS 1 MISDEMEANOR AND SHALL BE PUNISHED IN ACCORDANCE WITH SECTION 18-1.3-501. THE PERSON SHALL ALSO BE PROHIBITED FROM POSSESSING A FIREARM FOR TWO YEARS, BEGINNING ON THE DATE OF HIS OR HER CONVICTION.

(b)  WHEN A PERSON IS CONVICTED OF VIOLATING A PROVISION OF THIS SECTION, THE STATE COURT ADMINISTRATOR SHALL REPORT THE CONVICTION TO THE BUREAU AND TO THE NATIONAL INSTANT CRIMINAL

PAGE 5-HOUSE BILL 13-1229

BACKGROUND CHECK SYSTEM CREATED BY THE FEDERAL "BRADY HANDGUN VIOLENCE PREVENTION ACT" (PUB.L. 103-159), THE RELEVANT PORTION OF WHICH IS CODIFIED AT 18 U.S.C. SEC. 922 (t). THE REPORT SHALL INCLUDE INFORMATION INDICATING THAT THE PERSON IS PROHIBITED FROM POSSESSING A FIREARM FOR TWO YEARS, BEGINNING ON THE DATE OF HIS OR HER CONVICTION.

**SECTION 2.** In Colorado Revised Statutes, 13-5-142, **amend** (1) introductory portion, (2), (3) introductory portion, (3) (a), and (3) (b) (II); and **add** (1.5) and (4) as follows:

**13-5-142.  National instant criminal background check system - reporting.** (1) ~~Beginning July 1, 2002~~ ON AND AFTER THE EFFECTIVE DATE OF THIS SECTION, the ~~clerk of the court of every judicial district in the~~ state COURT ADMINISTRATOR shall ~~periodically report~~ SEND ELECTRONICALLY the following information to the ~~national instant criminal background check system created by the federal "Brady Handgun Violence Prevention Act" (Pub.L. 103-159), the relevant portion of which is codified at 18 U.S.C. sec. 922 (t)~~ COLORADO BUREAU OF INVESTIGATION CREATED PURSUANT TO SECTION 24-33.5-401, C.R.S., REFERRED TO WITHIN THIS SECTION AS THE "BUREAU":

(1.5)  NOT MORE THAN FORTY-EIGHT HOURS AFTER RECEIVING NOTIFICATION OF A PERSON WHO SATISFIES THE DESCRIPTION IN PARAGRAPH (a), (b), OR (c) OF SUBSECTION (1) OF THIS SECTION, THE STATE COURT ADMINISTRATOR SHALL REPORT SUCH FACT TO THE BUREAU.

(2)  Any report made by the ~~clerk of the court of every judicial district in the~~ state COURT ADMINISTRATOR pursuant to this section shall describe the reason for the report and indicate that the report is made in accordance with 18 U.S.C. sec. 922 (g) (4).

(3)  The ~~clerk of the court of every judicial district in the~~ state COURT ADMINISTRATOR shall take all necessary steps to cancel a record made by ~~that clerk~~ THE STATE COURT ADMINISTRATOR in the national instant criminal background check system if:

(a)  The person to whom the record pertains makes a written request to the ~~clerk~~ STATE COURT ADMINISTRATOR; and

(b)  No less than three years before the date of the written request:

(II)   The period of commitment of the most recent order of commitment or recommitment expired, or ~~the~~ A court entered an order terminating the person's incapacity or discharging the person from commitment in the nature of habeas corpus, if the record in the national instant criminal background check system is based on an order of commitment to the custody of the unit in the department of human services that administers behavioral health programs and services, including those related to mental health and substance abuse; except that the ~~clerk~~ STATE COURT ADMINISTRATOR shall not cancel any record pertaining to a person with respect to whom two recommitment orders have been entered under section 27-81-112 (7) and (8), C.R.S., or who was discharged from treatment under section 27-81-112 (11), C.R.S., on the grounds that further treatment will not be likely to bring about significant improvement in the person's condition; or

(4)   PURSUANT TO SECTION 102 (c) OF THE FEDERAL "NICS IMPROVEMENT AMENDMENTS ACT OF 2007" (PUB.L. 110-180), A COURT, UPON BECOMING AWARE THAT THE BASIS UPON WHICH A RECORD REPORTED BY THE STATE COURT ADMINISTRATOR PURSUANT TO SUBSECTION (1) OF THIS SECTION DOES NOT APPLY OR NO LONGER APPLIES, SHALL:

(a) UPDATE, CORRECT, MODIFY, OR REMOVE THE RECORD FROM ANY DATABASE THAT THE FEDERAL OR STATE GOVERNMENT MAINTAINS AND MAKES AVAILABLE TO THE NATIONAL INSTANT CRIMINAL BACKGROUND CHECK SYSTEM, CONSISTENT WITH THE RULES PERTAINING TO THE DATABASE; AND

(b) NOTIFY THE ATTORNEY GENERAL THAT SUCH BASIS DOES NOT APPLY OR NO LONGER APPLIES.

**SECTION 3.**  In Colorado Revised Statutes, **add** 13-5-142.5 as follows:

**13-5-142.5.  National instant criminal background check system - judicial process for awarding relief from federal prohibitions - legislative declaration.** (1) **Legislative declaration.** THE PURPOSE OF THIS SECTION IS TO SET FORTH A JUDICIAL PROCESS WHEREBY A PERSON MAY APPLY OR PETITION FOR RELIEF FROM FEDERAL FIREARMS PROHIBITIONS

PAGE 7-HOUSE BILL 13-1229

IMPOSED PURSUANT TO 18 U.S.C. SEC. 922 (d) (4) AND (g) (4), AS PERMITTED BY THE FEDERAL "NICS IMPROVEMENT AMENDMENTS ACT OF 2007" (PUB.L. 110-180, SEC. 105).

(2) **Eligibility.** A PERSON MAY PETITION FOR RELIEF PURSUANT TO THIS SECTION IF:

(a) (I) HE OR SHE HAS BEEN FOUND TO BE INCAPACITATED BY ORDER OF THE COURT PURSUANT TO PART 3 OF ARTICLE 14 OF TITLE 15, C.R.S.;

(II) HE OR SHE HAS BEEN COMMITTED BY ORDER OF THE COURT TO THE CUSTODY OF THE UNIT IN THE DEPARTMENT OF HUMAN SERVICES THAT ADMINISTERS BEHAVIORAL HEALTH PROGRAMS AND SERVICES, INCLUDING THOSE RELATED TO MENTAL HEALTH AND SUBSTANCE ABUSE, PURSUANT TO SECTION 27-81-112 OR 27-82-108, C.R.S.; OR

(III) THE COURT HAS ENTERED AN ORDER FOR THE PERSON'S INVOLUNTARY CERTIFICATION FOR SHORT-TERM TREATMENT OF MENTAL ILLNESS PURSUANT TO SECTION 27-65-107, C.R.S., FOR EXTENDED CERTIFICATION FOR TREATMENT OF MENTAL ILLNESS PURSUANT TO SECTION 27-65-108, C.R.S., OR FOR LONG-TERM CARE AND TREATMENT OF MENTAL ILLNESS PURSUANT TO SECTION 27-65-109, C.R.S.; AND

(b) HE OR SHE IS A PERSON TO WHOM THE SALE OR TRANSFER OF A FIREARM OR AMMUNITION IS PROHIBITED BY 18 U.S.C. SEC. 922 (d) (4), OR WHO IS PROHIBITED FROM SHIPPING, TRANSPORTING, POSSESSING, OR RECEIVING A FIREARM OR AMMUNITION PURSUANT TO 18 U.S.C. SEC. 922 (g) (4).

(3) **Due process.** IN A COURT PROCEEDING PURSUANT TO THIS SECTION:

(a) THE PETITIONER SHALL HAVE AN OPPORTUNITY TO SUBMIT HIS OR HER OWN EVIDENCE TO THE COURT CONCERNING HIS OR HER PETITION;

(b) THE COURT SHALL REVIEW THE EVIDENCE; AND

(c) THE COURT SHALL CREATE AND THEREAFTER MAINTAIN A RECORD OF THE PROCEEDING.

PAGE 8-HOUSE BILL 13-1229

(4) **Proper record.** IN DETERMINING WHETHER TO GRANT RELIEF TO A PETITIONER PURSUANT TO THIS SECTION, THE COURT SHALL RECEIVE EVIDENCE CONCERNING, AND SHALL CONSIDER:

(a) THE CIRCUMSTANCES REGARDING THE FIREARMS PROHIBITIONS IMPOSED BY 18 U.S.C. SEC. 922 (g) (4);

(b) THE PETITIONER'S RECORD, WHICH MUST INCLUDE, AT A MINIMUM, THE PETITIONER'S MENTAL HEALTH RECORDS AND CRIMINAL HISTORY RECORDS; AND

(c) THE PETITIONER'S REPUTATION, WHICH THE COURT SHALL DEVELOP, AT A MINIMUM, THROUGH CHARACTER WITNESS STATEMENTS, TESTIMONY, OR OTHER CHARACTER EVIDENCE.

(5) **Proper findings.** (a) BEFORE GRANTING RELIEF TO A PETITIONER PURSUANT TO THIS SECTION, THE COURT SHALL ISSUE FINDINGS THAT:

(I) THE PETITIONER IS NOT LIKELY TO ACT IN A MANNER THAT IS DANGEROUS TO PUBLIC SAFETY; AND

(II) GRANTING RELIEF TO THE PETITIONER IS NOT CONTRARY TO THE PUBLIC INTEREST.

(b) (I) IF THE COURT DENIES RELIEF TO A PETITIONER PURSUANT TO THIS SECTION, THE PETITIONER MAY PETITION THE COURT OF APPEALS TO REVIEW THE DENIAL, INCLUDING THE RECORD OF THE DENYING COURT.

(II) A REVIEW OF A DENIAL SHALL BE DE NOVO IN THAT THE COURT OF APPEALS MAY, BUT IS NOT REQUIRED TO, GIVE DEFERENCE TO THE DECISION OF THE DENYING COURT.

(III) IN REVIEWING A DENIAL, THE COURT OF APPEALS HAS DISCRETION, BUT IS NOT REQUIRED, TO RECEIVE ADDITIONAL EVIDENCE NECESSARY TO CONDUCT AN ADEQUATE REVIEW.

**SECTION 4.** In Colorado Revised Statutes, 13-9-123, **amend** (1) introductory portion, (2), (3) introductory portion, (3) (a), and (3) (b) (II); and **add** (1.5) and (4) as follows:

PAGE 9-HOUSE BILL 13-1229

**13-9-123.  National instant criminal background check system - reporting.** (1) ~~Beginning July 1, 2002~~ ON AND AFTER THE EFFECTIVE DATE OF THIS SECTION, the ~~clerk of the probate court~~ STATE COURT ADMINISTRATOR shall ~~periodically report~~ SEND ELECTRONICALLY the following information to the ~~national instant criminal background check system created by the federal "Brady Handgun Violence Prevention Act", Pub.L. 103-159, the relevant portion of which is codified at 18 U.S.C. sec. 922 (t)~~ COLORADO BUREAU OF INVESTIGATION CREATED PURSUANT TO SECTION 24-33.5-401, C.R.S., REFERRED TO WITHIN THIS SECTION AS THE "BUREAU":

(1.5)  NOT MORE THAN FORTY-EIGHT HOURS AFTER RECEIVING NOTIFICATION OF A PERSON WHO SATISFIES THE DESCRIPTION IN PARAGRAPH (a), (b), OR (c) OF SUBSECTION (1) OF THIS SECTION, THE STATE COURT ADMINISTRATOR SHALL REPORT SUCH FACT TO THE BUREAU.

(2) Any report made by the ~~clerk of the probate court~~ STATE COURT ADMINISTRATOR pursuant to this section shall describe the reason for the report and indicate that the report is made in accordance with 18 U.S.C. sec. 922 (g) (4).

(3) The ~~clerk of the probate court~~ STATE COURT ADMINISTRATOR shall take all necessary steps to cancel a record made by ~~that clerk~~ THE STATE COURT ADMINISTRATOR in the national instant criminal background check system if:

(a) The person to whom the record pertains makes a written request to the ~~clerk~~ STATE COURT ADMINISTRATOR; and

(b) No less than three years before the date of the written request:

(II)  The period of commitment of the most recent order of commitment or recommitment expired, or the court entered an order terminating the person's incapacity or discharging the person from commitment in the nature of habeas corpus, if the record in the national instant criminal background check system is based on an order of commitment to the custody of the unit in the department of human services that administers behavioral health programs and services, including those related to mental health and substance abuse; except that the ~~clerk~~ STATE COURT ADMINISTRATOR shall not cancel any record pertaining to a person

PAGE 10-HOUSE BILL 13-1229

with respect to whom two recommitment orders have been entered under section 27-81-112 (7) and (8), C.R.S., or who was discharged from treatment under section 27-81-112 (11), C.R.S., on the grounds that further treatment will not be likely to bring about significant improvement in the person's condition; or

(4)   PURSUANT TO SECTION 102 (c) OF THE FEDERAL "NICS IMPROVEMENT AMENDMENTS ACT OF 2007" (PUB.L. 110-180), A COURT, UPON BECOMING AWARE THAT THE BASIS UPON WHICH A RECORD REPORTED BY THE STATE COURT ADMINISTRATOR PURSUANT TO SUBSECTION (1) OF THIS SECTION DOES NOT APPLY OR NO LONGER APPLIES, SHALL:

(a)  UPDATE, CORRECT, MODIFY, OR REMOVE THE RECORD FROM ANY DATABASE THAT THE FEDERAL OR STATE GOVERNMENT MAINTAINS AND MAKES AVAILABLE TO THE NATIONAL INSTANT CRIMINAL BACKGROUND CHECK SYSTEM, CONSISTENT WITH THE RULES PERTAINING TO THE DATABASE; AND

(b)  NOTIFY THE ATTORNEY GENERAL THAT SUCH BASIS DOES NOT APPLY OR NO LONGER APPLIES.

**SECTION 5.**   In Colorado Revised Statutes, **add** 13-9-124 as follows:

**13-9-124.  National instant criminal background check system - judicial process for awarding relief from federal prohibitions - legislative declaration.** (1) **Legislative declaration.** THE PURPOSE OF THIS SECTION IS TO SET FORTH A JUDICIAL PROCESS WHEREBY A PERSON MAY APPLY OR PETITION FOR RELIEF FROM FEDERAL FIREARMS PROHIBITIONS IMPOSED PURSUANT TO 18 U.S.C. SEC. 922 (d) (4) AND (g) (4), AS PERMITTED BY THE FEDERAL "NICS IMPROVEMENT AMENDMENTS ACT OF 2007" (PUB.L. 110-180, SEC. 105).

(2)  **Eligibility.** A PERSON MAY PETITION FOR RELIEF PURSUANT TO THIS SECTION IF:

(a) (I)  HE OR SHE HAS BEEN FOUND TO BE INCAPACITATED BY ORDER OF THE COURT PURSUANT TO PART 3 OF ARTICLE 14 OF TITLE 15, C.R.S.;

(II)  HE OR SHE HAS BEEN COMMITTED BY ORDER OF THE COURT TO

PAGE 11-HOUSE BILL 13-1229

THE CUSTODY OF THE UNIT IN THE DEPARTMENT OF HUMAN SERVICES THAT ADMINISTERS BEHAVIORAL HEALTH PROGRAMS AND SERVICES, INCLUDING THOSE RELATED TO MENTAL HEALTH AND SUBSTANCE ABUSE, PURSUANT TO SECTION 27-81-112 OR 27-82-108, C.R.S.; OR

(III)  THE COURT HAS ENTERED AN ORDER FOR THE PERSON'S INVOLUNTARY CERTIFICATION FOR SHORT-TERM TREATMENT OF MENTAL ILLNESS PURSUANT TO SECTION 27-65-107, C.R.S., FOR EXTENDED CERTIFICATION FOR TREATMENT OF MENTAL ILLNESS PURSUANT TO SECTION 27-65-108, C.R.S., OR FOR LONG-TERM CARE AND TREATMENT OF MENTAL ILLNESS PURSUANT TO SECTION 27-65-109, C.R.S.; AND

(b)  HE OR SHE IS A PERSON TO WHOM THE SALE OR TRANSFER OF A FIREARM OR AMMUNITION IS PROHIBITED BY 18 U.S.C. SEC. 922 (d) (4), OR WHO IS PROHIBITED FROM SHIPPING, TRANSPORTING, POSSESSING, OR RECEIVING A FIREARM OR AMMUNITION PURSUANT TO 18 U.S.C. SEC. 922 (g) (4).

(3)  **Due process.** IN A COURT PROCEEDING PURSUANT TO THIS SECTION:

(a)  THE PETITIONER SHALL HAVE AN OPPORTUNITY TO SUBMIT HIS OR HER OWN EVIDENCE TO THE COURT CONCERNING HIS OR HER PETITION;

(b)  THE COURT SHALL REVIEW THE EVIDENCE; AND

(c)  THE COURT SHALL CREATE AND THEREAFTER MAINTAIN A RECORD OF THE PROCEEDING.

(4)  **Proper record.** IN DETERMINING WHETHER TO GRANT RELIEF TO A PETITIONER PURSUANT TO THIS SECTION, THE COURT SHALL RECEIVE EVIDENCE CONCERNING, AND SHALL CONSIDER:

(a)  THE CIRCUMSTANCES REGARDING THE FIREARMS PROHIBITIONS IMPOSED BY 18 U.S.C. SEC. 922 (g) (4);

(b)  THE PETITIONER'S RECORD, WHICH MUST INCLUDE, AT A MINIMUM, THE PETITIONER'S MENTAL HEALTH RECORDS AND CRIMINAL HISTORY RECORDS; AND

PAGE 12-HOUSE BILL 13-1229

(c)  THE PETITIONER'S REPUTATION, WHICH THE COURT SHALL DEVELOP, AT A MINIMUM, THROUGH CHARACTER WITNESS STATEMENTS, TESTIMONY, OR OTHER CHARACTER EVIDENCE.

(5) **Proper findings.** (a) BEFORE GRANTING RELIEF TO A PETITIONER PURSUANT TO THIS SECTION, THE COURT SHALL ISSUE FINDINGS THAT:

(I)  THE PETITIONER IS NOT LIKELY TO ACT IN A MANNER THAT IS DANGEROUS TO PUBLIC SAFETY; AND

(II) GRANTING RELIEF TO THE PETITIONER IS NOT CONTRARY TO THE PUBLIC INTEREST.

(b) (I)  IF THE COURT DENIES RELIEF TO A PETITIONER PURSUANT TO THIS SECTION, THE PETITIONER MAY PETITION THE COURT OF APPEALS TO REVIEW THE DENIAL, INCLUDING THE RECORD OF THE DENYING COURT.

(II) A REVIEW OF A DENIAL SHALL BE DE NOVO IN THAT THE COURT OF APPEALS MAY, BUT IS NOT REQUIRED TO, GIVE DEFERENCE TO THE DECISION OF THE DENYING COURT.

(III)  IN REVIEWING A DENIAL, THE COURT OF APPEALS HAS DISCRETION, BUT IS NOT REQUIRED, TO RECEIVE ADDITIONAL EVIDENCE NECESSARY TO CONDUCT AN ADEQUATE REVIEW.

**SECTION 6.**  In Colorado Revised Statutes, 18-12-101, **add** (1) (b.5) as follows:

**18-12-101. Definitions - peace officer affirmative defense.** (1)  As used in this article, unless the context otherwise requires:

(b.5)  "BUREAU" MEANS THE COLORADO BUREAU OF INVESTIGATION CREATED IN SECTION 24-33.5-401, C.R.S.

**SECTION 7.**  In Colorado Revised Statutes, 18-12-202, **repeal** (1) as follows:

**18-12-202.  Definitions.** As used in this part 2, unless the context otherwise requires:

PAGE 13-HOUSE BILL 13-1229

(1) ~~"Bureau" means the Colorado bureau of investigation within the department of public safety.~~

**SECTION 8.** In Colorado Revised Statutes, 18-12-103.5, **amend** (2) as follows:

**18-12-103.5.   Defaced  firearms  -  contraband  -  destruction.** (2)  Defaced firearms ~~which~~ THAT are deemed to be contraband shall be placed in the possession of the ~~Colorado~~ bureau ~~of investigation~~ or of a local law enforcement agency designated by the ~~Colorado~~ bureau ~~of investigation~~ and shall be destroyed or rendered permanently inoperable.

| | | APPROPRIATION FROM | | | | |
|---|---|---|---|---|---|---|
| ITEM & SUBTOTAL | TOTAL | GENERAL FUND | GENERAL FUND EXEMPT | CASH FUNDS | REAPPROPRIATED FUNDS | FEDERAL FUNDS |
| $ | $ | $ | $ | $ | $ | $ |

**SECTION 9. Appropriation to the department of public safety for the fiscal year beginning July 1, 2012.** In Session Laws of Colorado 2012, section 2 of chapter 305, (HB 12-1335), **amend** Part XVII (1) (A), (5) (D), and the affected totals as amended by section 1 Senate Bill 13-101, as follows:

Section 2. **Appropriation.**

**PART XVII**
**DEPARTMENT OF PUBLIC SAFETY**

**(1) EXECUTIVE DIRECTOR'S OFFICE**
**(A) Administration**

| Item | ITEM & SUBTOTAL | GENERAL FUND | CASH FUNDS | REAPPROPRIATED FUNDS | FEDERAL FUNDS |
|---|---|---|---|---|---|
| Personal Services | 2,269,953 | | | 2,269,953[a] | |
| | | | | (27.7 FTE) | |
| Health, Life, and Dental | 9,672,220 | 1,576,210 | 6,929,526[b] | 674,902[c] | 491,582(I)[l] |
| | 9,699,820 | 1,603,810 | | | |
| Short-term Disability | 148,142 | 27,698 | 102,625[b] | 12,338[c] | 5,481(I)[l] |
| | 148,436 | 27,992 | | | |
| S.B. 04-257 Amortization | 2,673,401 | 495,541 | 1,856,708[b] | 222,071[c] | 99,081(I)[l] |
| | 2,678,987 | 501,127 | | | |
| S.B. 06-235 Supplemental | 2,295,550 | 423,817 | 1,599,803[b] | 186,783[c] | 85,147(I)[l] |
| | 2,300,550 | 428,817 | | | |
| Shift Differential | 320,607 | 67,963 | 221,871[b] | 30,773[c] | |
| Workers' Compensation | 2,827,657 | | 265,336[b] | 2,562,321[a] | |
| Operating Expenses | 151,046 | | | 151,046[a] | |
| Legal Services for 4,524 | 349,441 | 78,945 | 103,404[b] | 167,092[a] | |
| Purchase of Services from | 2,504,611 | 978,611 | 1,361,675[b] | 164,325[a] | |
| Multiuse Network | 1,986,110 | 1,486,029 | 337,638[b] | 162,443[a] | |
| Management and | 261,189 | | 85,395[d] | 175,794[a] | |
| Payment to Risk | 1,177,817 | 177,192 | 195,240[d] | 805,385[a] | |
| Vehicle Lease Payments | 80,076 | 22,698 | 29,437[e] | 27,941[f] | |

| | ITEM & SUBTOTAL | TOTAL | GENERAL FUND | GENERAL FUND EXEMPT | CASH FUNDS | REAPPROPRIATED FUNDS | FEDERAL FUNDS |
|---|---|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ | $ | $ |
| Leased Space | ~~1,907,259~~ 1,937,259 | | ~~858,230~~ 888,230 | | 494,386[b] | 554,643[f] | |
| Capitol Complex Leased | 1,263,475 | | 16,890 | | 462,435[g] | 784,150[h] | |
| Communication Services | 652,003 | | | | 593,137[g] | 49,123[h] | 9,743(I) |
| COFRS Modernization | 168,478 | | 52,658 | | 81,603[g] | 34,217[h] | |
| Utilities | 87,407 | | | | 85,907[d] | 1,500[i] | |
| Distributions to Local | 50,000 | | | | 50,000[j] | | |
| | ~~30,846,442~~ 30,914,922 | | | | | | |

[a] Of these amounts, $5,347,958 shall be from departmental indirect cost recoveries and $1,110,401 shall be from statewide indirect cost recoveries.

[b] Of these amounts, $12,221,914 shall be from the Highway Users Tax Fund created in Section 43-4-201 (1) (a), C.R.S., and $1,051,058 shall be from various sources of cash funds.

[c] Of these amounts, $323,498 shall be from departmental indirect cost recoveries, $80,440 shall be from other state agencies for dispatch services, $74,361 shall be from the Department of Personnel Capitol Complex leased space rent proceeds, $47,125 shall be from the Judicial Department, $32,358 shall be from the Legislative Department, $16,130 shall be from the Department of Law, and $552,955 shall be from various sources.

[d] These amounts shall be from the Highway Users Tax Fund created in Section 43-4-201 (1) (a), C.R.S.

[e] This amount shall be from various sources of cash funds.

[f] Of these amounts, $544,118 shall be from departmental indirect cost recoveries and $38,466 shall be from Limited Gaming funds appropriated to the Department of Revenue.

[g] Of these amounts, $1,075,163 shall be from the Highway Users Tax Fund created in Section 43-4-201 (1) (a), C.R.S., and $62,012 shall be from various sources of cash funds.

[h] Of these amounts, $826,313 shall be from departmental indirect cost recoveries and $41,177 shall be from various sources of reappropriated funds.

[i] This amount shall be from Limited Gaming funds appropriated to the Department of Revenue.

[j] This amount shall be from the Hazardous Materials Safety Fund created in Section 42-20-107 (1), C.R.S.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | ~~32,763,273~~ 32,831,753 | | | | | |

**(5) COLORADO BUREAU OF INVESTIGATION[1]**
**(D) State Point of Contact - National Instant Criminal Background Check Program**

| | ITEM & SUBTOTAL | TOTAL | GENERAL FUND | GENERAL FUND EXEMPT | CASH FUNDS | REAPPROPRIATED FUNDS | FEDERAL FUNDS |
|---|---|---|---|---|---|---|---|
| Personal Services | ~~1,312,023~~ 1,484,477 | | ~~1,086,212~~ 1,258,666 | | 225,811[a] | | |

Appellate Case: 14-1290 Document: 01019379778 Date Filed: 01/16/2015 Page: 17

Appellate Case: 14-1290    Document: 01019371778    Date Filed: 01/16/2015    Page: 18

|  | | APPROPRIATION FROM | | | | |
| ITEM & SUBTOTAL | TOTAL | GENERAL FUND | GENERAL FUND EXEMPT | CASH FUNDS | REAPPROPRIATED FUNDS | FEDERAL FUNDS |
| $ | $ | $ | $ | $ | $ | $ |
|  |  | (22.0 FTE) |  | (4.4 FTE) |  |  |
|  |  | (26.0 FTE) |  |  |  |  |

| | ITEM & SUBTOTAL | TOTAL | GENERAL FUND | GENERAL FUND EXEMPT | CASH FUNDS | REAPPROPRIATED FUNDS | FEDERAL FUNDS |
|---|---|---|---|---|---|---|---|
| Operating Expenses | ~~361,248~~ 482,781 | | ~~300,744~~ 422,277 | | 60,504[a] | | |
| | ~~1,673,271~~ 1,967,258 | | | | | | |
| | | ~~29,019,641~~ 29,313,628 | | | | | |

[a] These amounts shall be from permit application fees collected pursuant to Section 18-12-205 (2) (b), C.R.S.

| | ITEM & SUBTOTAL | TOTAL | GENERAL FUND | GENERAL FUND EXEMPT | CASH FUNDS | REAPPROPRIATED FUNDS | FEDERAL FUNDS |
|---|---|---|---|---|---|---|---|
| **TOTALS PART XVII (PUBLIC SAFETY)** | | ~~$273,982,783~~ $274,345,250 | ~~$84,338,122~~ $84,700,589 | | $136,496,137[a] | $25,083,490 | $28,065,034[b] |

[a] Of this amount, $105,755,507 is from the Highway Users Tax Fund pursuant to Section 43-4-201 (3) (a) (III) (C), C.R.S.

[b] This amount contains an (I) notation.

**SECTION 10.  Appropriation.** (1)  In addition to any other appropriation, there is hereby appropriated, out of any moneys in the general fund not otherwise appropriated, to the department of public safety, for the fiscal year beginning July 1, 2013, the sum of $1,415,932 and 24.7 FTE, or so much thereof as may be necessary, to be allocated for the implementation of this act as follows:

(a)  $324,806 for the executive director's office;

(b)  $80,000 for the Colorado crime information center; and

(c)  $1,011,126 and 24.7 FTE for the state point of contact-national instant criminal background check program.

**SECTION 11.  Appropriation.** (1)  In addition to any other appropriation, there is hereby appropriated, out of any moneys in the instant criminal background check cash fund created in section 24-33.5-424 (3.5) (b), Colorado Revised Statutes, not otherwise appropriated, to the department of public safety, for the fiscal year beginning July 1, 2013, the sum of    $1,415,932 and 24.7 FTE, or so much thereof as may be necessary, to be allocated for the implementation of this act as follows:

(a)  $324,806 for the executive director's office;

(b)  $80,000 for the Colorado crime information center; and

(c)  $1,011,126 and 24.7 FTE for the state point of contact-national instant criminal background check program.

**SECTION 12.  Effective date.** This act takes effect upon passage; except that section 10 of this act takes effect only if House Bill 13-1228 does not become law, and section 11 of this act takes effect only if House Bill 13-1228 becomes law.

**SECTION 13.  Safety clause.** The general assembly hereby finds,

determines, and declares that this act is necessary for the immediate preservation of the public peace, health, and safety.


_____    _____
Mark Ferrandino                                                          John P. Morse
SPEAKER OF THE HOUSE                             PRESIDENT OF
OF REPRESENTATIVES                                     THE SENATE


_____    _____
Marilyn Eddins                                                    Cindi L. Markwell
CHIEF CLERK OF THE HOUSE                      SECRETARY OF
OF REPRESENTATIVES                                     THE SENATE


        APPROVED_____


        _____
        John W. Hickenlooper
        GOVERNOR OF THE STATE OF COLORADO