**CYNTHIA H. COFFMAN**
Attorney General

**DAVID C. BLAKE**
Chief Deputy Attorney General

**MELANIE J. SNYDER**
Chief of Staff

**FREDERICK R. YARGER**
Solicitor General



**STATE OF COLORADO**

**DEPARTMENT OF LAW**

RALPH L. CARR
COLORADO JUDICIAL CENTER
1300 Broadway, 6th Floor
Denver, Colorado 80203
Phone (720) 508-6000

State Services Section

February 15, 2016

Elisabeth Shumaker, Clerk
United States Court of Appeals for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

RE:  Response to Appellants' notice of supplemental authority, *Colorado Outfitters Assn. et al. v. Hickenlooper*, Case No. 14-1290; *Beicker, et al. v. Hickenlooper*, Case No. 14-1292

Dear Ms. Shumaker:

Plaintiffs filed a notice of supplemental authority citing *Kolbe v. Hogan*, No. 14-1945, slip op. (4th Cir. Feb. 4, 2016), as support for their argument that strict scrutiny should apply to Colorado's limitation on magazine capacity.

Much of *Kolbe*'s analysis tracks the district court's opinion in *Colorado Outfitters*. For example, as the district court did here, the Fourth Circuit concluded both that the Second Amendment covers large-capacity magazines[1] and that millions of LCMs are in circulation. *Kolbe*, slip op. 22-24; J.A. 1776. As a consequence, both courts held that means-end scrutiny should apply.

In contrast to this case—in which the district court applied an intermediate scrutiny standard similar to that adopted by the Second, Seventh, Ninth, and District of Columbia Circuits in challenges to LCM restrictions—*Kolbe* remanded for application of the more demanding

---

[1] In contrast to Colorado's law, which sets a capacity limit of fifteen rounds for newly acquired magazines, Maryland defines LCMs as those with "a capacity of more than 10 rounds of ammunition." Slip. op. 10.

strict scrutiny standard. *Kolbe* now stands as the only extant Circuit opinion to apply strict scrutiny under the Second Amendment; the Governor has already argued at length that binding precedent precludes this standard in the Tenth Circuit. Just as importantly, however, application of that standard would also be unsupported by the record.

The court's analysis in *Kolbe* appears to have hinged at least in part on its erroneous assumption that the magazines banned by Maryland law were "necessary to render [otherwise lawful firearms] operable." Slip. op. 24. *Kolbe*'s conclusion about the effects of an LCM restriction on the availability and usability of semi-automatic firearms is directly contradicted by the factual findings in this case. As the district court found: "The parties agree that semiautomatic weapons that use large-capacity magazines will also accept compliant magazines (*i.e.*, 15 rounds or fewer), and that compliant magazines can be obtained from manufacturers of large-capacity magazines. Thus, this statute does not prevent the people of Colorado from possessing semiautomatic weapons for self-defense, or from using those weapons as they are designed to function." J.A. 1777.

Sincerely,

FOR THE ATTORNEY GENERAL

*s/ Matthew D. Grove*
MATTHEW D. GROVE
Assistant Solicitor General
Public Officials Unit
State Services Section
720 508-6157
720 508-6041(FAX)
Email: matt.grove@coag.gov

cc:   All counsel of record (submitted via CM/ECF)